**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| **PB RESTAURANTS, LLC,** | Case No. 6:25-bk-01957-LVV |
| | *Lead case* |
| **Lead Debtor,** | |
| | *Jointly Administered with:* |
| **PLANET EXPRESS (LAX), LLC** | Case No. 6:25-bk-01958-LVV |
| **TIMES SQUARE BUFFET, LLC** | Case No. 6:25-bk-01959-LVV |
| **Debtors.** | |

**DEBTORS' OBJECTION TO ALLOWANCE**
**OF CLAIM OF MAIN STREET CAPITAL CORPORATION**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this objection without further notice or hearing unless a party in interest files a response within thirty (30) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim(s) in this bankruptcy case, your claim(s) may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, R. Scott Shuker, Esq., Shuker & Dorris, P.A., 121 S. Orange Avenue, Suite 1120, Orlando, Florida 32801.

If you file and serve a response within the time permitted, the Court will hold a preliminary, non-evidentiary hearing on the response. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of relief requested in the objection, will proceed to consider the objection without further notice or hearing, and may grant the relief requested.

---

**PB RESTAURANTS, LLC** ("PB") and its above-captioned jointly administered debtors (collectively, the "Debtors"), though counsel, and pursuant to section 502 of Title 11 of the United States Code, (the "Bankruptcy Code"), Local Rule 2002-4, and Federal Rules of Bankruptcy

Procedure 3007 and 9014, (the "Bankruptcy Rules"), hereby submits this Objection (the "Objection") to proofs of claim filed by **MAIN STREET CAPITAL CORPORATION** ("Main Street") filed in the lead case (Claim No. 21) (the "Main Street Claim") and for the reasons set forth below, seeks entry of an order disallowing the Main Street Claim in its entirety, and, in support thereof, states as follows:

## Jurisdiction

1. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 501 and 1191.

2. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b) and is a contested matter governed by Federal Rules of Bankruptcy Procedure 3003, 3007 and 9014. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Procedural and Factual History

3. On April 4, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

4. On April 8, 2025, a SubChapter V Trustee was appointed (Doc. No. 9), however, Debtors continue to manage and operate their respective businesses as a debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On June 13, 2025, Main Street filed or caused to be filed, the Main Street Claim alleging the amount owed of $43,713,278.00. The Main Street Claim relates to alleged breaches of contract and fiduciary duty.

## The Claim Objection

6. Objections to claims are governed by 11 U.S.C. § 502(a), which provides that, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless

a party in interest. . . objects." Section 502(b) provides that "if such objection to claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of this filing of the petition, and shall allow such claim in such amount. . .."

7. As an initial matter, to the extent the Main Street Claim relates to breach of contract in respect of subordination or alleged improper payment of fees, Claimant has failed to attach the relevant contracts and, as such, the Main Street Claim is defective on its face.

8. To the extent the Main Street Claim raises alleged damages, in contract or tort, related to payment of management fees payment or shared expenses, the claim fails under the doctrines of waiver, laches, and ratification. Main Street knew and approved of any fees paid to Debtor and, in fact, approved an increase in the fee in 2022 despite alleged defaults. Main Street knew that PB had to be paid a fee for its services and acquiesced in all payments. Moreover, Main Street also knew of the shared services provided by PB and related entities and had full access to books and records.

9. Aside from Main Street's new position that PB should have managed the restaurants without a fee and provided services with no reimbursement, there are no actual claims held by Main Street. Importantly, at any time Main Street had the ability to remove PB has manager without prior notice but chose not to because Main Streed derived a benefit from the relationship. It was only after Main Street rejected reasonable offers to purchase its debt that it removed PB as owner and manager and, thereafter, caused millions in damages to Buca and PB through its incompetence and self dealing.

10. The Debtors expressly reserve the right to supplement this Objection on any other grounds not specifically set forth herein and to add a counter claim by virtue of an adversary proceeding.

**WHEREFORE**, PB Restaurants, LLC respectfully requests this Court enter an Order: (i) sustaining this Objection, (ii) disallowing the Main Street Claim in its entirety determining that the Claimant is not entitled to any distribution; and (iii) for such other and further relief as the Court deems just and proper in the circumstances.

**RESPECTFULLY SUBMITTED** this 23rd day of June 2025.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 0984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Telephone: (407) 337-2060
Facsimile: (407) 337-2050
*Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Subchapter V** |
| **PB RESTAURANTS, LLC,** | **Case No. 6:25-bk-01957-LVV** |
| | *Lead case* |
| **Lead Debtor,** | |
| | *Jointly Administered with:* |
| **PLANET EXPRESS (LAX), LLC** | **Case No. 6:25-bk-01958-LVV** |
| **TIMES SQUARE BUFFET, LLC** | **Case No. 6:25-bk-01959-LVV** |
| **Debtors.** | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of June 2025, I caused the foregoing **DEBTORS' OBJECTION TO ALLOWANCE OF CLAIM OF MAIN STREET CAPITAL CORPORATION,** including any exhibit(s) thereto**,** to be filed via the Court's CM/ECF system which will serve notice of the same upon all parties entitled to receive CM/ECF noticing, including: the **UNITED STATES TRUSTEE – ORL** (USTP.Region21.OR.ECF@usdoj.gov and Wanda.Murray@usdoj.gov); and the **SUBCHAPTER V TRUSTEE** (alayden@bakerlaw.com).

**I HEREBY FURTHER CERTIFY** that on this 23rd day of June 2025, a true and correct copy of the foregoing was also served: via U.S. First Class, postage prepaid mail to: (i) **MAIN STREET CAPITAL CORPORATION**, c/o Joshua W. Wolfshohl, Esq., 1000 Main Street, 36th Floor, Houston, TX 77002 (the address listed on the proof of claim); and (ii) all parties listed on the Local Rule 1007-2 parties in interest list, as shown on the matrix attached to the original of this motion filed with the Court.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:25-bk-01957-LVV<br>Middle District of Florida<br>Orlando<br>Mon Jun 23 15:12:04 EDT 2025 | PB Restaurants, LLC<br>4700 Millenia Blvd.<br>Suite 400<br>Orlando, FL 32839-6020 | ACCESS<br>PO BOX 782998<br>Phiadelphia, PA 19178-2998 |
| ADP INC<br>PO BOX 0500<br>Carol Stream, IL 60132-0500 | AMERICAN HERITAGE LIFE INS.<br>1776 American Htg Life Dr<br>Jacksonville, FL 32224-6688 | CHARTER COMM.HOLDINGS LLC<br>PO BOX 7186<br>Pasadena, CA 91109-7186 |
| CHERRY BEKAERT<br>PO BOX 632239<br>Cincinnati, OH 45263-2239 | CONNECTWISE INC<br>28819 NETWORK PL<br>Chicago, IL 60673-1288 | FOURTH ENTERPRISES, LLC<br>6504 Bridge Point Parkway<br>Suite 300<br>Austin, TX 78730-5005 |
| GRANITE TELECOMMUNICATIONS<br>PO BOX 983119<br>Boston, MA 02298-3119 | Kristi W. Dean, Esq.<br>21052 Oxnard Street<br>Woodland Hills, California 91367-5108 | MARSH USA INC<br>2300 RENAISSANCE BLVD<br>King Of Prussia, PA 19406-2772 |
| MEDCOR<br>PO BOX 75570<br>Cleveland, OH 44101-4200 | Millenia Lakes Owner I, L.P.<br>c/o Shane G. Ramsey<br>Nelson Mullins Riley & Scarborough LLP<br>1222 Demonbreun St., Suite 1700<br>Nashville, TN 37203-3340 | ONEBLOOD INC<br>PO BOX 628342<br>Orlando, FL 32862-8342 |
| OPENTABLE INC<br>PO BOX 101861<br>Pasadena, CA 91189-1861 | OneBlood, Inc.,<br>c/o Emily Friend Horner<br>One Independent Drive<br>Suite 1300<br>Jacksonville, FL 32202-5017 | Oneblood, Inc.<br>8669 Commodity Circle<br>Orlando, FL 32819-9003 |
| PAR<br>8383 SENECA TURNPIKE, STE 3<br>New Hartford, NY 13413-4957 | RELIASTAR LIFE INSURANCE<br>3702 PAYSPHERE CIRCLE<br>Chicago, IL 60674-0001 | RINGCENTRAL INC<br>20 DAVIS DR<br>Belmont, CA 94002-3002 |
| STARWOOD VALUE ADD FUND LP<br>PO BOX 953557<br>Saint Louis, MO 63195-3557 | SYMETRA FINANCIAL<br>PO BOX 1491<br>Winter Park, FL 32790-1491 | SYMETRA LIFE INS CO INC<br>PO BOX 1491<br>Minneapolis, MN 55480-1491 |
| THEMED CUSTOM PRINTING<br>5225 FIELDVIEW CT<br>Orlando, FL 32819-3822 | XEROX FINANCIAL SERVICES<br>PO BOX 202882<br>Dallas, TX 75320-2882 | R Scott Shuker +<br>Shuker & Dorris, P.A.<br>121 South Orange Avenue, Suite 1120<br>Orlando, FL 32801-3238 |
| United States Trustee - ORL +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Shane G Ramsey +<br>Nelson Mullins Riley & Scarborough LLP<br>1222 Demonbreun Street<br>Ste 1700<br>Nashville, TN 37203-3340 | Samantha L Dammer +<br>Bleakley Bavol Denman & Grace<br>15316 North Florida Avenue<br>Tampa, FL 33613-1257 |

| | | |
|---|---|---|
| Emily F Horner + <br> Foley & Lardner, LLP <br> One Independent Drive, Suite 1300 <br> Jacksonville, FL 32202-5017 | Wanda D Murray + <br> United States Department of Justice <br> 400 West Washington Street <br> Ste 1100 <br> Orlando, FL 32801-2440 | Andrew Layden + <br> 200 South Orange Avenue <br> Ste 2300 <br> Orlando, FL 32801-3455 |
| Kristi W Dean + <br> Stone Dean LLP <br> 21052 Oxnard St <br> Woodland Hills, CA 91367-5108 | Note: Entries with a '+' at the end of the name have an email address on file in CMECF | End of Label Matrix <br> Mailable recipients    34 <br> Bypassed recipients    0 <br> Total                 34 |