**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| **PB RESTAURANTS, LLC,** | Case No. 6:25-bk-01957-LVV |
| | *Lead case* |
| | |
| | *Jointly Administered with:* |
| **PLANET EXPRESS (LAX), LLC** | Case No. 6:25-bk-01958-LVV |
| **TIMES SQUARE BUFFET, LLC** | Case No. 6:25-bk-01959-LVV |
| | |
| **Debtors.** | Hearing on Confirmation scheduled for Tuesday, July 1, 2025 at 2:00 P.M. |

**DEBTORS' MOTION FOR CRAMDOWN**
Class 2 - Allowed Secured Claim of California Employment Development Department
Class 3 – Property Tax Administrative Claims
Class 4 – General Unsecured Claims

**PB RESTAURANTS, LLC**, **PLANET EXPRESS (LAX), LLC**, and **TIMES SQUARE BUFFET, LLC**, which are jointly-administered debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court for confirmation of their *Joint Plan of Reorganization for Small Business Under Chapter 11* (the "Plan") (Doc. No. 36), pursuant to §§ 1129(b) and 1191 of the Bankruptcy Code, notwithstanding the nonacceptance of Class 2 - Allowed Secured Claim of California Employment Development Department; Class 3 – Property Tax Administrative Claims; and Class 4 – General Unsecured Claims as grounds therefor, states:

1.  On April 4, 2025 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions. Since the Petition Date, the Debtors have continued to operate their businesses as a debtors-in-possession under §§ 1107(a) and 1108 of the Code pursuant to the Court's *Order Prescribing Procedures in Chapter 11 Subchapter V Case, Scheduling Status Conference, and Establishing Consequences for Non‑Compliance* (Doc. No. 12) entered on April 10, 2025.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1334, 11 U.S.C. § 1122, and the Blanket Referral Order of the Chief Judge of the United States District Court for the Middle District of Florida.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014.

## FACTUAL AND PROCEDURAL BACKGROUND

4. As of the Ballot Deadline, Classes 2 and 3 did not vote on the Plan and Class 4 voted to Reject the Plan.

5. Pursuant to the *Order Scheduling (i) Hearing on Confirmation of Plan of Reorganization, (ii) Deadlines with Respect to Confirmation Hearing, and (iii) Deadlines for Filing Administrative Expense Applications* (Doc. No. 38) any objection to the Plan was due to be filed on or before June 24, 2025. As of the date of this Motion two objections to the Plan have been filed with the Court: one by OneBlood, Inc. (the "OneBlood Objection") (Doc. No. 68); and one by Main Street Capital Corporation (the "Main Street Objection") (Doc. No. 71). Debtors believe the OneBlood Objection is resolved via an agreement on assumption of the lease to be set forth in an upcoming motion to assume.

6. On July 1, 2025, this Court will consider confirmation of the Plan ("Confirmation Hearing"), at which time it is expected that the Court will find that all requirements for confirmation have been met except the requirement that all Classes of Claims and Interests have accepted the Plan.

**CRAMDOWN**

7. When all requirements for confirmation of a reorganization plan are met except for §§ 1129(b) and 1191, the Bankruptcy Court must confirm the plan despite the non-vote or objection of an impaired class, or classes, so long as the plan does not discriminate unfairly and is fair and equitable with respect to the impaired classes that did not accept the plan. *See* 11 U.S.C. §§ 1129(b)(1) and 1191; *see also In re Lett,* 632 F.3d 1216, 1219 (11th Cir. 2011).

8. As set forth in the Confirmation Affidavit of Jeffrey C. Sirolly ("Mr. Sirolly") (the "Confirmation Affidavit") filed subsequent to the filing of this motion and in the Ballot Tabulation (Doc. No. 84), one (1) Class of Claims has voted to accept the Plan and one (1) Class of Claims has voted to reject the Plan, however, Classes 2 and 3 have not voted on the Plan. Mr. Sirolly asserts that the Plan[1] treatment is fair and equitable as to all classes of claims and interests and does not discriminate unfairly as to such claims and interests.

9. As to Class 2 – Allowed Secured Claim of California Employment Development Department, the Class 2 Claim was scheduled by Planet Express (LAX), LLC in an unknown amount and in an abundance of caution based on a search of the California UCC database; however, the Debtor believes this debt relates a state tax lien that was satisfied in 2020, as evidence by the Release of Lien, Certificate No. G002483531, that was recorded on October 27, 2020, in volume/page U20002770723 in the Official Records of the California Secretary of State. The California Employment Development Department filed a claim in the amount of $50,110.00 as wholly unsecured (Claim No. 3), therefore, the amount of the Allowed Class 2 Secured Claim is $0.00. Upon the Effective Date, the Allowed Class 2 Secured Claim shall be fully satisfied, and

---

[1] Terms not defined herein have been previously defined within the Plan.

any associated mortgages, liens, and Financing Statements shall be released, withdrawn, and terminated.

10. As to Class 3 – Property Tax Administrative Claims, Class 3 consists of the Allowed Priority Property Tax Claims against all Debtors. In full satisfaction of the Allowed Class 3 Property Tax Administrative Claims, each Allowed Class 3 Claimant shall receive payment of its Allowed Class 3 Claim, plus interest, plus interest, in equal monthly installments over a term of three (3) years with interest. Payments will commence on the 1st calendar day of the month following the later of: (a) the Effective Date; or (b) if the Claim does not become Allowed prior to the Effective Date, the date the Allowed amount of such Priority Tax Claim is determined by Final Order of the Bankruptcy Court. Any payments made prior to the Effective Date shall be applied to the balance of the Allowed Claim. Notwithstanding anything to the contrary in the Plan or the Confirmation Order, each Allowed Priority Tax Claimant shall retain its customary state law remedies including all liens and statutory post-petition interest accruing at the rate prescribed by 11 U.S.C. § 511 and applicable nonbankruptcy law, which taxes, assessments, and interest which may be collected by the appropriate taxing authority at the end of the payment term in accordance with customary and applicable nonbankruptcy law. Upon payment in full, each respective Priority Tax Claim shall be deemed fully satisfied and extinguished. Upon payment in full, the applicable Allowed Priority Tax Claim shall be fully satisfied, and any associated mortgages, liens, and Financing Statements shall be released, withdrawn, and terminated.

11. As to Class 4 – General Unsecured Claims, Class 4 consists of the Allowed General Unsecured Claims against all Debtors. Holders of Allowed Class 4 General Unsecured Claims will receive their *pro rata* share of the Debtor's projected Disposable Income, as outlined in the attached Financial Projections. Distributions will be made in 6 equal monthly installments over a

period of 3 years, with payments occurring every 6 months. Payments will begin to accrue on the 1st calendar day of the month following the Effective Date. The first distribution will be made on the 15th day of the 6th month after the Effective Date, and subsequent distributions will be made on the 15th day of every 6 months thereafter. The final payment will be made on the 36th month after the Effective Date. If a Class 4 Claim does not become Allowed prior to the Effective Date, the corresponding distribution will still accrue from the same accrual date and will be paid on the first distribution date following entry of a Final Order of the Bankruptcy Court determining the Allowed amount of the Claim

12.     The Plan can be crammed down on Classes 2, 3, and 4 pursuant to the grounds set forth in Bankruptcy Code §§ 1129(b)(2)(A)(i)-(iii) and 1191.

**WHEREFORE**, Debtor respectfully requests this Court grant its motion for confirmation of its Plan of Reorganization, pursuant to §§ 1129(b) and 1191 of the Bankruptcy Code, notwithstanding the nonacceptance of Class 2 - Allowed Secured Claim of California Employment Development Department; Class 3 – Property Tax Administrative Claims; and Class 4 – General Unsecured Claims, and for such other and further relief as is just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 26th day of June 2025.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida 32801
Tel: 407-337-2060
Fax: 407-337-2050
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11<br>Subchapter V |
| **PB RESTAURANTS, LLC,** | Case No. 6:25-bk-01957-LVV<br>*Lead case* |
| | *Jointly Administered with:* |
| **PLANET EXPRESS (LAX), LLC** | Case No. 6:25-bk-01958-LVV |
| **TIMES SQUARE BUFFET, LLC** | Case No. 6:25-bk-01959-LVV |
| Debtors. | Hearing on Confirmation scheduled for Tuesday, July 1, 2025 at 2:00 P.M. |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of June 2025, I caused the foregoing **DEBTORS' OBJECTION TO ALLOWANCE OF CLAIM OF MAIN STREET CAPITAL CORPORATION,** including any exhibit(s) thereto**,** to be filed via the Court's CM/ECF system which will serve notice of the same upon all parties entitled to receive CM/ECF noticing, including: the **UNITED STATES TRUSTEE – ORL** (USTP.Region21.OR.ECF@usdoj.gov and Wanda.Murray@usdoj.gov); and the **SUBCHAPTER V TRUSTEE** (alayden@bakerlaw.com).

**I HEREBY FURTHER CERTIFY** that on this 26th day of June 2025, a true and correct copy of the foregoing was also served: via U.S. First Class, postage prepaid mail to: **CALIFORNIA DEPT. OF TAX AND FEE ADMINISTRATION**, Collections Support Bureau MIC: 29, P.O. Box 942879, Sacramento, CA 94279-0029; **INTERNAL REVENUE SERVICE**, P.O. Box 21126, Philadelphia, PA 19114; **INTERNAL REVENUE SERVICE, CENTRALIZED INSOLVENCY OPERATIONS**, P.O. Box 7346, Philadelphia, PA 19101-7346; and all parties listed on the Local Rule 1007-2 parties in interest list, as shown on the matrix attached to the original of this motion filed with the Court; and the **U.S. TRUSTEE'S OFFICE**, 400 W. Washington St., Ste. 1120, Orlando, FL 32801.

/s/ R. Scott Shuker
R. Scott Shuker, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:25-bk-01957-LVV<br>Middle District of Florida<br>Orlando<br>Thu Jun 26 12:56:37 EDT 2025 | M Shane Johnson<br>Porter Hedges, LLP<br>1000 Main Street, 36th Floor<br>Houston, TX 77002-6341 | PB Restaurants, LLC<br>4700 Millenia Blvd.<br>Suite 400<br>Orlando, FL 32839-6020 |
| AMERICAN HERITAGE LIFE INS.<br>1776 American Htg Life Dr<br>Jacksonville, FL 32224-6688 | CHARTER COMM.HOLDINGS LLC<br>PO BOX 7186<br>Pasadena, CA 91109-7186 | CHERRY BEKAERT<br>PO BOX 632239<br>Cincinnati, OH 45263-2239 |
| CONNECTWISE INC<br>28819 NETWORK PL<br>Chicago, IL 60673-1288 | FOURTH ENTERPRISES, LLC<br>6504 Bridge Point Parkway<br>Suite 300<br>Austin, TX 78730-5005 | Kristi W. Dean, Esq.<br>21052 Oxnard Street<br>Woodland Hills, California 91367-5108 |
| MARSH USA INC<br>2300 RENAISSANCE BLVD<br>King Of Prussia, PA 19406-2772 | MEDCOR<br>PO BOX 75570<br>Cleveland, OH 44101-4200 | Millenia Lakes Owner I, L.P.<br>c/o Shane G. Ramsey<br>Nelson Mullins Riley & Scarborough LLP<br>1222 Demonbreun St., Suite 1700<br>Nashville, TN 37203-3340 |
| ONEBLOOD INC<br>PO BOX 628342<br>Orlando, FL 32862-8342 | OPENTABLE INC<br>PO BOX 101861<br>Pasadena, CA 91189-1861 | OneBlood, Inc.,<br>c/o Emily Friend Horner<br>One Independent Drive<br>Suite 1300<br>Jacksonville, FL 32202-5017 |
| Oneblood, Inc.<br>8669 Commodity Circle<br>Orlando, FL 32819-9003 | PAR<br>8383 SENECA TURNPIKE, STE 3<br>New Hartford, NY 13413-4957 | RELIASTAR LIFE INSURANCE<br>3702 PAYSPHERE CIRCLE<br>Chicago, IL 60674-0001 |
| RINGCENTRAL INC<br>20 DAVIS DR<br>Belmont, CA 94002-3002 | STARWOOD VALUE ADD FUND LP<br>PO BOX 953557<br>Saint Louis, MO 63195-3557 | SYMETRA LIFE INS CO INC<br>PO BOX 1491<br>Minneapolis, MN 55480-1491 |
| Symetra Financial Corporation<br>1735 Market Street, 20th Floor<br>Philadelphia, PA 19103-7505 | THEMED CUSTOM PRINTING<br>5225 FIELDVIEW CT<br>Orlando, FL 32819-3822 | XEROX FINANCIAL SERVICES<br>PO BOX 202882<br>Dallas, TX 75320-2882 |
| R Scott Shuker +<br>Shuker & Dorris, P.A.<br>121 South Orange Avenue, Suite 1120<br>Orlando, FL 32801-3238 | United States Trustee - ORL +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Shane G Ramsey +<br>Nelson Mullins Riley & Scarborough LLP<br>1222 Demonbreun Street<br>Ste 1700<br>Nashville, TN 37203-3340 |
| Samantha L Dammer +<br>Bleakley Bavol Denman & Grace<br>15316 North Florida Avenue<br>Tampa, FL 33613-1257 | Matthew I Kramer +<br>Weinberg, Wheeler, Hudgins, Gunn & Dial,<br>3350 Virginia Street<br>Suite 500<br>Miami, FL 33133-5341 | Emily F Horner +<br>Foley & Lardner, LLP<br>One Independent Drive, Suite 1300<br>Jacksonville, FL 32202-5017 |

| | | |
|---|---|---|
| Joshua W Wolfshohl +<br>Porter Hedges LLP<br>1000 Main Street, 36th Floor<br>Houston, TX 77002-6341 | Wanda D Murray +<br>United States Department of Justice<br>400 West Washington Street<br>Ste 1100<br>Orlando, FL 32801-2440 | Andrew Layden +<br>200 South Orange Avenue<br>Ste 2300<br>Orlando, FL 32801-3455 |
| Kristi W Dean +<br>Stone Dean LLP<br>21052 Oxnard St<br>Woodland Hills, CA 91367-5108 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | End of Label Matrix<br>Mailable recipients    34<br>Bypassed recipients     0<br>Total                  34 |