# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
### www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Subchapter V |
| | ) | |
| PB RESTAURANTS, LLC, | ) | Case No. 6:25-bk-01957-LVV |
| | ) | *Lead case* |
| | ) | |
| | ) | *Jointly Administered with* |
| PLANET EXPRESS (LAX), LLC, | ) | Case No. 6:25-bk-01958-LVV |
| TIMES SQUARE BUFFET, LLC, | ) | Case No. 6:25-bk-01959-LVV |
| Debtors. | | |

## EXHIBIT COVER SHEET

**Party submitting:**     **MAIN STREET CAPITAL CORPORATION**

**Exhibit 0037**

**Admitted:**     YES    or    NO (circle one)

**Debtor(s):**     **PB RESTAURANTS, LLC; PLANET EXPRESS (LAX), LLC; AND TIMES SQUARE BUFFET, LLC**

**Case Nos.:**     **6:25-bk-01957-LVV**

**Nature of Hearing: Evidentiary Hearing on Confirmation of Debtor's Plan**

**Docket Nos. 36 and 71**
**United States Bankruptcy Court**
**Middle District of Florida**

**Dated: _____, 2025.**

**By: _____ , Deputy Clerk**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Subchapter V |
| | ) | |
| PB RESTAURANTS, LLC, | ) | Case No. 6:25-bk-01957-LVV |
| | ) | *Lead case* |
| | ) | |
| | ) | *Jointly Administered with* |
| PLANET EXPRESS (LAX), LLC, | ) | Case No. 6:25-bk-01958-LVV |
| TIMES SQUARE BUFFET, LLC, | ) | Case No. 6:25-bk-01959-LVV |
| | ) | |
| Debtors. | ) | |

**PB RESTAURANTS, LLC'S NOTICE OF SERVING ANSWERS TO
MAIN STREET CAPITAL CORPORATION'S FIRST SET OF INTERROGATORIES
AND RESPONSES TO REQUESTS FOR ADMISSION**

PB RESTAURANTS, LLC's (the "Debtor"), pursuant to Federal Rules of Civil Procedure 26, 33, and 36, as made applicable hereto by Rules 7026, 7033, 7036, and 9014 of the Federal Rules of Bankruptcy Procedure, by and through their undersigned counsel, hereby notices its Answers and Responses to **MAIN STREET CAPITAL CORPORATION**'s First Set of Interrogatories and Requests for Admission.

Dated:  July 14, 2025.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida 32801
Tel: 407-337-2060
Fax: 407-337-2050

*Attorneys for Debtors*

1

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | Chapter 11 |
| | Subchapter V |
| **PB RESTAURANTS, LLC,** | Case No. 6:25-bk-01957-LVV |
| | *Lead case* |
| | *Jointly Administered with:* |
| **PLANET EXPRESS (LAX), LLC** | Case No. 6:25-bk-01958-LVV |
| **TIMES SQUARE BUFFET, LLC** | Case No. 6:25-bk-01959-LVV |
| **Debtors.** | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of July 2025, I caused the foregoing **NOTICE OF SERVING ANSWERS TO MAIN STREET CAPITAL CORPORATION'S FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUESTS FOR ADMISSION**, to be served upon **M. SHANE JOHNSON, ESQ**. and **JOSHUA W. WOLFSHOHL, ESQ**., Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, TX 77002 (jwolfshohl@porterhedges.com) and (sjohnson@porterhedges.com); **MATTHEW I. KRAMER, ESQ**., Weinberg, Wheeler, Hudgin, Gunn & Dial, LLC, 3350 Virginia Street, Suite 500, Miami, FL 33133 (mkramer@wwhgd.com); the **UNITED STATES TRUSTEE – ORL** (USTP.Region21.OR.ECF@usdoj.gov and Wanda.Murray@usdoj.gov); and the **SUBCHAPTER V TRUSTEE** (alayden@bakerlaw.com).

/s/ R. Scott Shuker
R. Scott Shuker, Esquire

2

## PB RESTAURANTS, LLC'S RESPONSES TO MAIN STREET CAPITAL CORPORATION'S REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit or deny that there is no written analysis of any claims or causes of action against Insiders or Affiliates.

**RESPONSE: Deny. The analysis is contained in several attorney-client/work product emails.**

**REQUEST FOR ADMISSION NO. 2:** Admit or deny that PB Restaurants, LLC, directly or indirectly, owns or owned trademarks for or related to "Planet Hollywood."

**RESPONSE: Admit.**

**REQUEST FOR ADMISSION NO. 3:** Admit or deny that PB Restaurants, LLC, directly or indirectly, including through past or present direct or indirect subsidiaries, has or had licensing agreements for the use of trademarks for or related to "Planet Hollywood."

**RESPONSE: Admit.**

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that PB Restaurants, LLC, directly or indirectly, including through past or present direct or indirect subsidiaries, transferred trademarks for or related to "Planet Hollywood" to any non-Debtor entity.

**RESPONSE: Admit.**

**REQUEST FOR ADMISSION NO. 5:** Admit or deny that PB Restaurants, LLC, directly or indirectly, including through past or present direct or indirect subsidiaries, has or had ownership of or interests in certain assets or memorabilia put up for auction in 2024 and/or 2025.

**RESPONSE: Admit.**

## PB RESTAURANTS, LLC'S ANSWERS TO MAIN STREET CAPITAL CORPORATION'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any payments or Transactions from PB Restaurants, LLC, to any Affiliate or Insider since April 4, 2021, through the date of this Interrogatory, including the payor/transferor, recipients, and/or credited or debited party(ies), and the amounts, dates, and natures of each such payment or Transaction, on a per-event basis, and if you contend that any payment was in exchange for reasonably equivalent value, describe the value that PB Restaurants, LLC, received.

**ANSWER: Objection. As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need be produced. PB Restaurants, LLC ("PB") also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33. Moreover, the Interrogatory is cumulative and not proportional to the needs of the case, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is unduly burdensome or expensive, considering the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. (Federal Rule of Civil Procedure 26). Specifically, Main Street has been in control of the books and records of the Buca entities for over a year and has access to all of the transactions between PB and the Buca entities. Main Street has had almost 1 year to conduct discovery on the issues sought in these Interrogatories since the filing of the Buca bankruptcy cases and only now, 10 days before trial asks for what would comprise over hundreds if not thousands of transactions.**

**INTERROGATORY NO. 2:** Describe PB Restaurants' participation, directly or indirectly, in the gift card program owned or operated by Affiliates or Insiders.

**ANSWER: Objection. The question is vague and ambiguous. PB is unsure which gift card program the question references. However, to the extent this is a reference to the gift card program operated by Mealz Dinning Pass, LLC, none.**

**INTERROGATORY NO. 3:** Describe the analysis or evaluation PB Restaurants undertook to conclude that PB Restaurants, LLC, possesses no claims or causes of action against Insiders or Affiliates.

**ANSWER: The analysis is contained in several attorney-client/work product emails.**

**INTERROGATORY NO. 4:** Describe all payments or Transactions that directly or indirectly resulted in a change, including any reductions, to the amount outstanding on the PHL Facility, from the time of the PHL Facility's inception through the present, including the party(ies) involved with or benefitting from such payment(s) or Transaction(s), and the amounts, dates, and natures of each such payment(s) or Transaction(s), and the principal balance after each such payment(s) or Transaction(s), each on a segregated basis.

**ANSWER: Objection. As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need be produced. PB also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33. Moreover, the Interrogatory is cumulative and not proportional to the**

needs of the case, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is unduly burdensome or expensive, considering the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. (Federal Rule of Civil Procedure 26).  Specifically, the facility from PHL has been in place since 2017 and there have been dozens if not hundreds of transactions since inception.  However, PB can confirm not a single payment or transfer to PHL occurred within one year prior to the petition date in the PB case. Finally, Main Street has had almost 1 year to conduct discovery on the issues sought in these Interrogatories since the filing of the Buca bankruptcy cases and only now, 10 days before trial asks for what would comprise dozens if not hundreds of transactions.

**INTERROGATORY NO. 5:**  Describe the process the Debtors undertook to create the Liquidation Analysis attached as Exhibit A to the Plan, including the Documents analyzed and the entities and individuals involved in such process.

**ANSWER: The process involved several attorney-client/work product emails and phone calls.**

**INTERROGATORY NO. 6:**  If You admit Request for Admission No. 3, describe such licensing agreements, including the effective dates of such agreements and the parties to and the terms of such agreements, including any payments or Transactions completed under such agreements.

**ANSWER: Objection.  As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need be produced.  PB also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33.  Moreover, the Interrogatory is cumulative and not proportional to the needs of the case, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is unduly burdensome or expensive, considering the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. (Federal Rule of Civil Procedure 26).  Specifically, PB has been in operation since 1994 and has entered into dozens if not hundreds of licensing agreements.  Finally, Main Street has had almost 1 year to conduct discovery on the issues sought in these Interrogatories since the filing of the Buca bankruptcy cases and only now, 10 days before trial asks for what would comprise dozens if not hundreds of transactions.**

**INTERROGATORY NO. 7:**  If You admit Request for Admission No. 4, describe such transfer(s), including the parties involved, amounts, dates, and natures of such transfer(s).

**ANSWER: Objection.  As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need be produced.  PB also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33.  Moreover, the Interrogatory is cumulative and not proportional to the needs of the case, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is unduly burdensome or expensive, considering the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. (Federal Rule of Civil Procedure 26).  Specifically, PB has been in operation since 1994 and has transferred dozens if not hundreds of trademarks.**

5

**Finally, Main Street has had almost 1 year to conduct discovery on the issues sought in these Interrogatories since the filing of the Buca bankruptcy cases and only now, 10 days before trial asks for what would comprise dozens if not hundreds of transactions.**

**INTERROGATORY NO. 8:** If You admit Request for Admission No. 5, describe such auctions, including the dates, the winning bidders, the assets sold, and the amounts of the winning bids.

**ANSWER: Objection. As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need to be produced. PB also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33. Moreover, the Interrogatory is cumulative and not proportional to the needs of the case, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is unduly burdensome or expensive, considering the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. (Federal Rule of Civil Procedure 26). Notwithstanding the objection, PB can confirm that an auction of memorabilia occurred in 2024 through a former subsidiary of PB and that numerous items were sold but that PB did not have any interest, direct or indirect, in the sold items in 2024 or 2025.**

**INTERROGATORY NO. 9:** Describe any contractual arrangements, whether written or verbal, between PB Restaurants and any Insider or Affiliate that were in effect or were terminated at any time between April 4, 2021, through and including April 4, 2025.

**ANSWER: Objection. As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need be produced. PB also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33. Moreover, the Interrogatory is cumulative and not proportional to the needs of the case, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is unduly burdensome or expensive, considering the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. (Federal Rule of Civil Procedure 26). Specifically, during the period of April 4, 2021 until April 4, 2024 there were dozens if not hundreds of agreements in effect between various Insiders and Affiliates. Finally, Main Street has had almost 1 year to conduct discovery on the issues sought in these Interrogatories since the filing of the Buca bankruptcy cases and only now, 10 days before trial asks for what would comprise dozens if not hundreds of agreements.**

**INTERROGATORY NO. 10:** Identify all bank accounts utilized or accessed by PB Restaurants from April 4, 2021, through and including April 4, 2025, whether or not such bank accounts are or were in the name of PB Restaurants, LLC.

**ANSWER: Objection. As an initial matter, the interrogatory is a thinly disguised effort to get around the Parties agreement that no additional documents need to be produced. PB also objects because the request (including sub parts) would exceed the limit of 25 interrogatories set forth in FRBP 33. Moreover, the Interrogatory is ambiguous and vague in terms of the definition of "accessed." Specifically, Main Street has control of the books**

**and records of the Buca entities and the information on those accounts is in the possession of Main Street.  As to PB's accounts, please see below:**

| bank name | acct no. | type | purpose | status |
|---|---|---|---|---|
| Wells Fargo | 4943847012 | sub | dep sub account | open |
| Wells Fargo | 4943847004 | sub | dep sub account | open |
| Wells Fargo | 9651481500 | zba | disb. | Closed 10/2024 |
| Wells Fargo | 4943837096 | zba | depository | open |
| Wells Fargo | 4943837104 | zba | payroll | open |
| Wells Fargo | 4943847038 | zba | disb. | open |
| Wells Fargo | 4943127670 | main acct | operating | open |